# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERIC DASHON PETERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 14-00029-CG-N |
| ) | |
| CYNTHIA WHEELER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Pending before this Court are Petitioner Eric Dashon Peterson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), Respondent Cynthia Wheeler's Answer (Doc. 8), and Petitioner's Response to an Order to show cause why his petition should not be dismissed as time-barred (Doc. 11). This matter is now ripe for the Court's consideration and has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases, and Local Rule 72.2(c)(4). For the reasons explained herein, it is **RECOMMENDED** that Petitioner's Petition (Doc. 1) be **DENIED** and that the Court find he is not entitled to a certificate of appealability and therefore is not entitled to appeal *in forma pauperis*.

## I. Underlying State Proceedings

On November 2, 2001, Petitioner pled guilty in Mobile County Circuit Court to two counts of third-degree burglary and one count of second-degree receipt of stolen

property. Doc. 8-1 at 26, 48. He was sentenced the same day to prison terms 15 years for one burglary count, 20 years for the other, and 15 years for receiving stolen property, all terms to be served concurrently. *Id.* Petitioner did not seek a direct appeal of his conviction or sentence. Doc. 8-11 at 1.

Petitioner later sought post-conviction relief in the state courts under ALA. R. CRIM. P. 32, attacking his conviction on several grounds, including claims that his plea was involuntary, that his counsel gave ineffective assistance, and that the prosecution failed to disclose favorable evidence to him. Doc. 8-11 at 2. His first Rule 32 petition was filed on September 11, 2002,[1] denied by the trial court, and confirmed by the Alabama Court of Criminal Appeals on March 14, 2003, with certiorari being denied by the Alabama Supreme Court on September 19, 2003. *Id.* at 1-2; Doc. 8-3 at 1; *Peterson v. State*, 876 So. 2d 1202 (Ala. Crim. App. 2003) (table); *Ex parte Eric D. Peterson*, 886 So. 2d 908 (Ala. 2003) (table). Petitioner filed a second Rule 32 petition on October 17, 2003, which was denied by the trial court on December 1, 2003, and was not appealed by Petitioner. Doc. 8-11 at 2. Petitioner filed other unsuccessful Rule 32 petitions on October 26, 2007, and March 15, 2012. *Id. accord* Doc. 1 at 3-5.

## **II. Collateral Attack**

Through his § 2254 petition, Petitioner alleges that his conviction should be vacated or his sentence reduced because of an involuntary plea, ineffective

---

[1] Two Alabama Court of Criminal Appeals opinions (Docs. 8-3 and 8-11) disagree as to whether this filing date was September 11, 2002, or September 17, 2002. The earlier date is used here.

assistance of counsel, and sentencing that improperly exceeded statutory limits. Doc. 1 at 6-8. However, his claims are time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) that amended 28 U.S.C. § 2244.[2] Specifically, § 2244 now states in pertinent part that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Since this case does not involve an impediment to filing an application, a new constitutional right, or recently discovered facts, the latest date of the four iterated for the running of the limitation period is that on which the judgment against petitioner became final. *See* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek direct appeal from his conviction or sentence in state court, his conviction became final for the purposes of seeking a § 2254 writ when the time expired for him

---

[2] The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir.1998).

to seek such review. *Id. accord Jones v. Secretary, Fla. Dept. of Corrections*, 499 Fed. Appx. 945, 950 (11th Cir. 2012). Since the time-period for appealing a circuit court conviction in Alabama is 42 days (ALA. R. APP. P. 4(b)(1)), the one-year statute of limitations for filing a § 2254 petition began to run on December 14, 2001. *See* Doc. 1-1 at 26, 48; *see also Jones*, 499 Fed. Appx. at 950 *accord Kearse v. Secretary, Fla. Dept. of Corrections*, 736 F.3d 1359, 1360 (11th Cir. 2013).

The running of the limitation period is tolled by statute while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, Petitioner's limitations period was tolled beginning when he filed his first Rule 32 petition on September 11, 2002. Between his conviction becoming final and filing his first post-conviction petition, 271 days elapsed. The remaining time in the limitations period remained tolled until the Alabama Supreme Court denied certiorari for that first petition on September 19, 2003. *See Ex parte Eric D. Peterson*, 886 So. 2d 908 (Ala. 2003) (table).[3] The limitations period ran again from the denial of certiorari until Petitioner filed his second Rule 32 petition on October 17, 2003, an interval of 28 days, bringing the total time elapsed to 299 days. The second Rule 32 petition tolled the limitations period until the trial court denied it and Petitioner did not seek review in the 42-day time period allowed. *See* Doc. 8-11 at 2. 28 U.S.C. § 2244(d)(2);

---

[3] Including the 90 days in which Petitioner could have sought a writ of certiorari from the United States Supreme Court is inappropriate for the purposes of tolling under 28 U.S.C. § 2244(d)(2). *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007). Even if Petitioner were entitled to the additional 90 days of tolling, his petition is clearly time-barred. *See, infra.*

4

ALA. R. CIV. P. 4(b)(1); *see also Jones*, 499 Fed. Appx. at 950 *accord Kearse*, 736 F.3d at 1360. Thus, limitations period began to run again on January 12, 2004, and expired on March 18, 2004.

Petitioner did not file this action until January 23, 2014, long after the limitations period imposed by 28 U.S.C. § 2244(d)(1) had run. As established above, the Petitioner is not entitled to statutory tolling of the limitations period adequate to make his claim timely. He is also not entitled, as he argues (Doc. 11 at 7-9), to equitable tolling, since he has not established any "extraordinary circumstance" which preventing him from seeking § 2254 relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Thus, the claims and petition brought by Petitioner are barred by the AEDPA statute of limitations.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of

5

a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV. Conclusion

Petitioner has raised several claims in this petition. However, because this action was filed so long after his conviction, it is barred by the AEDPA statute of limitations. Therefore, it is **RECOMMENDED** that the Petitioner's Motion be **DENIED**. It is **FURTHER RECOMMENDED** that the court find that the petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of October 2014.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**